IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LORI BURCHETT, | ) | |
| | ) | Case No. 20-cv-0488 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| MACY'S, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Lori Burchett brings this employment discrimination lawsuit under the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 621 *et seq.*, against her former employer defendant Macy's, Inc. ("Macy's"). Macy's has filed a motion to compel arbitration pursuant to Federal Rule of Civil Procedure 12(b)(3) asserting that Burchett's age discrimination claims fall within the scope of the parties' arbitration agreement. For the reasons stated below, the Court grants Macy's motion to compel arbitration.

**Background**

Construing the pro se pleadings liberally, *see Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020), Macy's hired Burchett as a seasonal sales colleague at the Oak Brook Center store in Oak Brook, Illinois in October 2016. In April 2017, Macy's re-hired Burchett as a full-time "My Stylist" colleague at the Oak Brook Center store. In February 2018, Burchett received a written reprimand and, in April 2018, Macy's terminated her employment. Burchett was 58-years-old at the time of her termination. Burchett filed a charge with the IDHR/EEOC alleging age discrimination in July 2018. The EEOC mailed Burchett's right-to-sue letter on December 23, 2019, and Burchett filed this timely lawsuit on January 22, 2020.

At the beginning of her employment, both in 2016 and 2017, Macy's provided Burchett with

a plan document and other materials explaining Macy's Solutions InSTORE Program, which is an internal dispute resolution program. According to the plan document, the program provides employees with an opportunity to raise and resolve workplace disputes early and fairly. The program involves four progressive steps with binding arbitration as the fourth and final step for employment disputes. The plan document and the Solutions InSTORE New Hire Brochure ("Brochure") discuss how a Macy's employee can opt out of arbitration by mailing an election form that was included in the Brochure to the Solutions InSTORE address in Ohio. Further, the plan document explains that "arbitration is a voluntary condition of employment" and "[e]mployees are given the option of excluding themselves from Step 4 arbitration within 30 days of hire." Although employees may opt out of the arbitration agreement under the Solutions InSTORE program, Macy's has provided unrefuted evidence that Burchett did not do so.

The plan document describes the types of claims that fall within the scope of the arbitration agreement, which include employment discrimination claims based on age, gender, and race. On the other hand, certain claims are not subject to arbitration, such as issues concerning employee pensions, the employee's benefit plan, or claims under the National Labor Relations Act.

**Legal Standard**

A motion to dismiss under Rule 12(b)(3) for improper venue is the appropriate procedure when a litigant seeks to dismiss a lawsuit based on an arbitration agreement. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011); *Automobile Mech. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). When making a determination under Rule 12(b)(3), district courts may consider materials outside of the pleadings, including the parties' arbitration agreement. *Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). In determining whether an agreement's arbitration clause controls, federal courts apply state-law principles of contract formation. *Gupta v. Morgan Stanley Smith Barney, LLC*,

934 F.3d 705, 710 (7th Cir. 2019). "Generally, federal policy favors arbitration, and once an enforceable arbitration contract is shown to exist, questions as to the scope of arbitrable issues should be resolved in favor of arbitration." *Scheurer v. Fromm Family Foods, LLC*, 863 F.3d 748, 752 (7th Cir. 2017).

**Discussion**

In support of its motion to compel, Macy's has provided relevant documents and evidence that Burchett agreed to arbitrate her age discrimination claim. In response, Burchett does not contest the fact that she agreed to arbitrate her age discrimination claims, nor does she argue that the arbitration agreement is unenforceable, her claims fall outside of the scope of the agreement, or Macy's waived its right to enforce the arbitration agreement. Rather, she sets forth her grievances about her former co-workers and their alleged abusive behavior, which are not relevant to the question of whether she agreed to arbitrate her age discrimination claim.

Nonetheless, Burchett contends that Macy's would not have hired her if she did not sign the arbitration agreement. Burchett's unsubstantiated statement does not refute Macy's painstakingly detailed evidence and averments of how it informed Burchett of her rights and obligations while employed by Macy's, including the ability to opt-out of arbitration. Instead, Burchett generally argues that arbitration is inherently unfair and anti-employee. Without proof to the contrary, courts will not presume that arbitration is unfair or biased, especially in light of federal policy favoring arbitration. *See Epic Sys. Corp. v. Lewis*, ___U.S. ___, 138 S. Ct. 1612, 1621, 200 L.Ed.2d 889 (2018); *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 30 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

Because the parties agreed to arbitrate the present age discrimination lawsuit, the Court grants Macy's motion to compel arbitration.

**Conclusion**

Based on the foregoing, the Court grants defendant's motion to compel arbitration [26].

Civil case terminated.

**IT IS SO ORDERED.**

Date: 9/4/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4